# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

JAMES L. WILSON,            )
                            )
        Plaintiff,      )
                            )
vs.                         )   Case No. 11-3204-JTM-KGG
                            )
MARK ROKUSEK, *et al.*,     )
                            )
        Defendants.     )
                            )

## ORDER ON MOTION FOR APPOINTMENT OF COUNSEL

By Order filed March 6, 2012 (Doc. 5), Judge Crow, the previously assigned District Judge, granted Plaintiff's motion to proceed *in forma pauperis* (Doc. 2). Plaintiff's motion for appointment of counsel (Doc. 3), however, remains pending. Having reviewed Plaintiff's submission, in addition to his Complaint (Doc. 1) and *IFP* motion (Doc. 3), the Court **DENIES** Plaintiff's motion.

The Tenth Circuit has identified four factors to be considered when a court is deciding whether to appoint counsel for an individual: (1) plaintiff's ability to afford counsel, (2) plaintiff's diligence in searching for counsel, (3) the merits of plaintiff's case, and (4) plaintiff's capacity to prepare and present the case without the aid of counsel. ***McCarthy v. Weinberg***, 753 F.2d 836, 838-39 (10th Cir. 1985)

(listing factors applicable to applications under the IFP statute); *Castner v. Colorado Springs Cablevision*, 979 F.2d 1417, 1421 (10th Cir. 1992) (listing factors applicable to applications under Title VII).  Thoughtful and prudent use of the appointment power is necessary so that willing counsel may be located without the need to make coercive appointments.  The indiscriminate appointment of volunteer counsel to undeserving claims will waste a precious resource and may discourage attorneys from donating their time. *Castner,* 979 F.2d at 1421.

In considering the first *Castner* factor, by granting Plaintiff's *IFP* motion, the prior Magistrate already determined that Plaintiff has a limited ability to afford counsel.  (*See* Doc. 5.)  Any concerns identified on the face of Plaintiff's federal court Complaint (Doc. 1) have been adequately addressed in Defendants' Motion to Dismiss (Doc. 14), which will be decided by the District Court.

As for the third *Castner* factor, however, this Court finds that Plaintiff has not engaged in a diligent search for counsel.  (*See* Doc. 3.)  The form motion specifically enumerates spaces for Plaintiff to identify six attorneys he has contacted about representation and Plaintiff has only contacted two.  Rather than instruct Plaintiff to contact additional counsel, the Court will continue its analysis, which will turn on the final *Castner* factor – Plaintiff's capacity to represent himself.  979 F.2d at 1420-21.

In considering this factor, the Court must look to the complexity of the legal issues and Plaintiff's ability to gather and present crucial facts. *Id.*, at 1422. The Court notes that the factual and legal issues in this case are not unusually complex. *Cf.* ***Kayhill v. Unified Govern. of Wyandotte***, 197 F.R.D. 454, 458 (D.Kan. 2000) (finding that the "factual and legal issues" in a case involving a former employee's allegations of race, religion, sex, national origin, and disability discrimination were "not complex"). Further, although Plaintiff is not trained as an attorney, and while an attorney might present his case more effectively, this fact alone does not warrant appointment of counsel.

The Court sees no basis to distinguish Plaintiff from the many other untrained individuals and inmates who represent themselves *pro se* in Courts throughout the United States on any given day. To the contrary, Plaintiff has shown he has adequate ability to represent himself by drafting his federal court Complaint, which set out the operative facts to support his claims. (*See generally*, Doc. 1.) Further, although Plaintiff is not trained as an attorney, and while an attorney might present his case more effectively, this fact alone does not warrant appointment of counsel.

The Court therefore finds that Plaintiff appears to be an articulate individual with the ability to gather and present facts crucial to his case. As such, his Motion

3

to Appoint Counsel is **DENIED**.

**IT IS THEREFORE ORDERED** that Plaintiff's request for appointment of counsel (Doc. 3) is **DENIED**.

Dated at Wichita, Kansas, on this 11th day of May, 2012.

    S/ KENNETH G. GALE
KENNETH G. GALE
United States Magistrate Judge