IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

James L. Wilson,

    Plaintiff,

vs.                             Case No.11-3204-JTM

Sgt. Mark Rokusek, *et al.*,

    Defendants.

MEMORANDUM AND ORDER

Appearing *pro se*, James L. Wilson brought the present action against Johnson County Sheriff Sergeant Mark Rokusek, the Johnson County Sheriff's Department, and the Johnson County Board of Commissioners alleging excessive force by Rokusek during his October 22, 2010 arrest. Following that arrest, and well before Wilson's November 22, 2011 *pro se* action in this court, the State of Kansas commenced a criminal prosecution against the plaintiff, *State v. Wilson*, Case No. 10-2615 (D. Johnson County), in which the State has charged Wilson with, among other things, felony theft of a patrol vehicle and aggravated battery on a law enforcement officer. That criminal prosecution is ongoing.

Two motions are before the court. In the first, the defendants collectively seek a stay of the action until the related criminal action is resolved, pursuant to *Heck v. Humphrey*, 512 U.S. 477, 487 (1994) and *Beck v. Muskogee Police Dep't*, 195 F.3d 553, 557 (10th Cir. 1999). Second, the

governmental entity defendants have moved to dismiss the actions against them because (1) the Johnson County Sheriff's Office is not an entity which can be directly sued under Kansas law, pursuant to *Fugate v. Unified Government of Wyandotte County*, 161 F. Supp.2d 1261, 1266 (D. Kan. 2001); (2) the Board of Commissioners has not been named a party to the action, and (3) in any event Wilson has failed to allege the existence of any pattern or practice of wrongdoing which would support *Monell* liability.

Wilson has responded to the motion to stay but has presented no response to the motion to dismiss. His response is a brief narrative of the events of October 22, 2010, in which he repeats his allegations of excessive force against Rokusek. But he supplies no reason why the action should not be stayed in light of the ongoing state criminal proceedings. Further, his allegations provide no rationale for imposing liability on the Board of Commissioners directly by demonstrating any pattern or practice of constitutional deprivations, or otherwise respond to the motion to dismiss.

IT IS ACCORDINGLY ORDERED this 26th day of June, 2012 that the Motion to Dismiss of the defendants Johnson County Sheriff's Department and Johnson County Board of County Commissioners of Johnson County, Kansas (Dkt. 14) is granted; the Motion to Stay by defendants (Dkt. 11) is hereby granted, and all matters in the present action are stayed until 30 days following the final disposition of the criminal charges against Plaintiff in *State v. Wilson*, Case No. 10-02615.

s/ J. Thomas Marten
J. THOMAS MARTEN, JUDGE