IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

J<small>AMES</small> L W<small>ILSON</small>,

      Plaintiff,

      vs.                          Case No. 11-3204-JTM

S<small>GT</small>. M<small>ARK</small> R<small>OKUSEK</small>, *et al.*,

      Defendants.


MEMORANDUM AND ORDER


*Pro se* plaintiff James Wilson brings this 42 U.S.C. § 1983 action against Mark Rokusek and Frank Denning of the Johnson County Sheriff's Office, alleging that the officers deprived him of his civil rights when they arrested him in 2010 in Gardner, Kansas, and in particular when Rokusek discharged his firearm during the encounter. The court granted defendants' motion to stay the case while the State of Kansas prosecuted Wilson for various criminal charges. (Dkt. 22).

After the stay, Wilson was convicted of crimes including battery and aggravated assault on law enforcement officers, and his convictions have been affirmed on appeal. The Kansas Court of Appeals affirmed the convictions on May 8, 2015. *State v. Wilson*, 2015 WL 2342361, No. 110,943 (May 8, 2015), *rev. denied* Oct. 9, 2015. Defendants Rokusek and

Denning have moved to dismiss the action, arguing that Wilson's criminal conviction is dispositive of his Fourth Amendment claims under the estoppel doctrine of *Heck v. Humphrey*, 512 U.S. 477, 487 (1994), which in turn effectively resolves his other claims.

> In *Heck*, the Supreme Court held that
>
> to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus.

*Id.* at 486-87. The court "must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated." *Id.* at 487.

The detailed facts of the Wilson's criminal activity on October 22, 2010, and his attempts to evade capture, are set forth in the Kansas Court of Appeals' decision affirming his convictions. 2015 WL 234261, at *1-3.

In his response to the motion to dismiss, Wilson contends that Rokusek pulled him over, told him to get on the ground, and used pepper spray on him. (Dkt. 43 at 1, ¶ 9-10). Wilson claims that, after he stole Rokusek's patrol SUV, Rokusek did not try to use his taser. (Id. at 2, ¶¶ 13, 18). He alleges he never threatened the officers and stresses he was unarmed. (Id., ¶ 14). He contends that Rokusek is not credible, and was not "put in harms way" when Wilson drove off in the stolen police vehicle. (Id. at ¶¶ 22-23). Otherwise, citing

*Powers v. Hamilton County Public Defender Com'n*, 501 F.3d 592 (6th Cir. 2002), Wilson argues that *Heck* is inapplicable because he was "not a prisoner or in prison at the time of the encounter," and thus a "habeas remedy is lacking" and because he "is seeking monetary damages."

*Powers* provides no support for the plaintiff's argument. In *Powers*, the Sixth Circuit held that *Heck* did not preclude a § 1983 ineffective assistance of counsel claim, when the plaintiff's allegedly wrongful conviction and one-day incarceration effectively precluded him from obtaining habeas relief. The plaintiff in *Powers* was not challenging the underlying conviction for misdemeanor reckless driving, but the brief incarceration for his inability to pay the resulting fine. *Powers* thus reflects an application of an exception to the *Heck* doctrine for cases involving prisoner plaintiffs, advancing claims related to their incarceration, when judicial review cannot be obtained and thus the plaintiff cannot satisfy the "favorable termination" requirement of *Heck*. *See Spencer v. Kemna*, 523 U.S. 1, 19 (1998) (Souter, J., concurring).

*Powers* has no application here because Wilson obtained judicial review of the events surrounding his arrest — and the result was decidedly unfavorable. The Tenth Circuit has held that *Heck* applies when "there is no disconnect between the arrest and the crimes for which [a § 1983 plaintiff] was convicted." *Bryner v. Utah*, 429 Fed.Appx. 739, 744 (10th Cir.2011). Thus, *Heck* will bar a plaintiff's § 1983 claim for unlawful arrest where "the crimes for which he was convicted arose *from* his interactions with the deputies that he now challenges." *Id.* at 744 (emphasis in original). *See Hall v. City of Muskogee*, 2015 WL 4651808,

3

\*3 (E.D. Okla. 2015) (applying *Bryner*, and finding that plaintiff's excessive force claim was precluded where the claim would "undermine the elements of the crime [ ] for which he was arrested and convicted").

The court also finds plaintiff's argument that "*Heck* does not apply when … petitioner is seeking monetary damages," (Dkt. 43, at 1) lacks merit. The doctrine explicitly serves to bar actions "to recover damages for allegedly unconstitutional conviction or imprisonment." *Heck*, 512 U.S. at 486. And Wilson makes no response to the defendants' argument that the resolution of the Fourth Amendment claim is effectively dispositive of his other claims under the Eighth or Fourteenth Amendments.

More importantly, Wilson fails to address the core of the defendants' motion, namely that the state criminal convictions for battery and assault of law enforcement officers reflect determinations by the jury that Wilson indeed stole the patrol Suburban, intentionally or recklessly caused bodily injury to Rokusek by striking him with it while speeding away, and then intentionally committed felony aggravated assault on Denning when he swerved at that officer as he was attempting to place spike strips on the roadway.

Wilson's response essentially concedes that he was noncompliant during the encounter, and that he fled from the scene in a stolen Sheriff's vehicle. His present allegation that Rokusek was not actually "put in harms way" is directly contradicted by the state jury's determination that Wilson endangered the lives of two law enforcement officers in his attempt to flee. Under these circumstances, plaintiff's claim is barred by *Heck*. *See Hudson v. Hughes*, 98 F.3d 868, 873 (5th Cir. 1996) (plaintiff's criminal conviction of battery

4

of a law enforcement officer precluded subsequent excessive force claim, where the underlying conviction reflects a determination that the plaintiff was not acting in self-defense); *Buchanan v. Gulfport Police Dep't*, 2012 WL 1906523, *6 (S.D. Miss. May 25, 2012) *aff'd*, 12-60496, 2013 WL 2421949 (5th Cir. June 4, 2013) (excessive force claim barred a favorable verdict that "would necessarily call into question the verdict of the Mississippi jury" that the plaintiff had assaulted the officers).

Because Rokusek had a reasonable fear for his own safety as well as that of another law enforcement officer, his use of potentially deadly force is not actionable under *Heck*. Defendants' motion to dismiss accordingly is GRANTED and the matter is hereby DISMISSED.

SO ORDERED this 25th day of January, 2016.

s/ J. Thomas Marten<br>
J. THOMAS MARTEN, JUDGE